LISA C. HAMASAKI, CA Bar No. 197628
lisa.hamasaki@ogletree.com
ALLISON J. FERNANDEZ, CA Bar No. 272853
allison.fernandez@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Embarcadero Center, Suite 900
San Francisco, CA  94111
Telephone:  415-442-4810
Facsimile:  415-442-4870

Attorneys for Defendant
CHANGE HEALTHCARE TECHNOLOGIES, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIN NGUYEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CHANGE HEALTHCARE TECHNOLOGIES, LLC and DEBBIE WALLER,<br><br>Defendant. | Case No.<br><br>**DEFENDANT CHANGE HEALTHCARE TECHNOLOGIES, LLC'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>[*Filed concurrently with Civil Case Cover Sheet; Declaration of Zack Beasley in Support of Notice of Removal; and Declaration of Allison J. Fernandez in Support of Notice of Removal*] |

1                                       Case No.
DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§

TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF TIN NGUYEN AND HIS ATTORNEY OF RECORD:

**PLEASE TAKE NOTICE THAT** Defendant Change Healthcare Technologies, LLC ("Change" or "Defendant"), by and through undersigned counsel, hereby removes this action from the Superior Court of the State of California for the County of Orange ("State Court") to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This Court has original subject matter jurisdiction over this lawsuit under 28 U.S.C. § 1332(a) because complete diversity exists and the amount in controversy exceeds $75,000. In support of this removal, Defendant states the following:

## THE STATE COURT ACTION

1. Plaintiff Tin Nguyen ("Plaintiff") commenced this action on or about September 16, 2022, by filing an unverified complaint in the Superior Court of the State of California, for the County of Orange, entitled *Tin Nguyen v. Change Healthcare Technologies, LLC, et al.*, Case No. 30-2022-01281354-CU-OE-CJC.

2. Change was served with a copy of Plaintiff's Complaint and Summons on September 21, 2022. *See* Declaration of Allison J. Fernandez ("Fernandez Dec."), ¶ 2. A true and correct copy of the Summons and Complaint are attached hereto as **Exhibit A**. Change's Answer to the Complaint, filed on October 19, 2022, is attached hereto as **Exhibit B**. A true and correct copy of all other documents currently accessible on the Court's online docket are attached hereto as **Exhibit C**.

3. The Complaint alleges the following ten causes of action against Change and individual co-defendant Debi Waller: (1) Race Harassment in Violation of the Fair Employment and Housing Act ("FEHA"); (2) Race Discrimination in Violation of FEHA; (3) Disability Discrimination in Violation of the FEHA; (4) Retaliation in Violation of the FEHA; (5) Failure to Prevent Discrimination, Harassment, and Retaliation in Violation of FEHA; (6) Failure to Provide Reasonable Accommodation

in Violation of FEHA; (7) Failure to Engage in the Interactive Process in Violation of the FEHA; (8) Wrongful Termination in Violation of Public Policy; (9) Whistleblower Retaliation in Violation of California Labor Code section 1102.5; and (10) Failure to Pay Wages Upon Termination (Cal. Lab. Code §§ 201 & 203).

4.  On October 19, 2022, Change served its Answer to Plaintiff's Complaint ("Answer") on Plaintiff and filed it in the Superior Court of the State of California, for the County of Orange. Ex. B; Fernandez Dec., ¶ 2.

5.  **Exhibits A-C** constitute all process, pleadings, and orders that have been served in this lawsuit. Fernandez Dec., ¶ 3. To the best of Change's knowledge, Defendant Debi Waller has not been served with the Summons and Complaint as of the date of the filing of this Notice of Removal. Fernandez Dec., ¶ 4.

## FEDERAL COURT JURISDICTION – DIVERSITY OF CITIZENSHIP
### Complete Diversity Exists

6.  This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441, because it is a civil action between citizens of different states and it appears from the Complaint that the matter in controversy herein exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

7.  For diversity purposes, a person is a "citizen" of the state in which he is domiciled. 28 U.S.C. § 1332 (a)(1). At the time of the filing of this Notice of Removal, Plaintiff was, and still is, a citizen of California, inasmuch as Plaintiff alleges that he "is and at all times relevant hereto was a resident in the County of Orange." (Complaint, Ex. A, ¶ 3). Plaintiff's residence establishes that he is domiciled in California, and thus, a citizen of this state. *See Anderson v. Watts*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary; and a domicile, when acquired, is presumed to continue until it is shown to have changed."); *Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 886

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§

(9th Cir. 2013) ("Evidence of a person's place of residence ... is prima facie proof of his domicile.") (quoting *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011)).

8. Defendant was, at the time this action was filed in state court, and still is, a Delaware limited liability company, with its principal place of business located at 5995 Windward Parkway, Alpharetta, in the State of Georgia. Defendant was not at any time and is not currently a citizen of the State of California.

9. Because Change is a limited liability company, its citizenship is determined by the citizenship of its members. *See Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006) (". . . [L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); *see also Rios v. Fekkai Retail, LLC* (C.D. Cal., Oct. 15, 2020, No. CV2008743PAMRWX) 2020 WL 10693074, at *1 ("The citizenship of an LLC is the citizenship of each of its members."); *19th Cap. Grp., LLC v. 3 GGG's Truck Lines, Inc.*, No. CV 18-2493 PA (RAOX), 2018 WL 6219886, at *2 (C.D. Cal. Apr. 3, 2018) ("where an LLC is a member of another LLC, the citizenship of the 'sub-member' LLC is likewise defined by the citizenships of its own members") (collecting cases).

10. Change is a limited liability company organized under the laws of the State of Delaware. *See* Declaration of Zack Beasley ("Beasley Dec."), ¶ 5. Change's sole member is Change Healthcare Holdings, LLC, a Delaware limited liability company. Beasley Dec., ¶ 6. Change Healthcare Holdings, LLC's sole member is Change Healthcare Intermediate Holdings, LLC, a Delaware limited liability company. Beasley Dec., ¶ 7. Change Healthcare Intermediate Holdings, LLC's sole member is Change Healthcare LLC, a Delaware limited liability company. Beasley Dec., ¶ 8. Change Healthcare LLC's members are PF2 PST Services LLC (a Delaware limited liability company), PF2 IP LLC (a Delaware limited liability company), and Change Healthcare Inc. ("CHI") (a Delaware corporation with its principal place of business in Tennessee). Beasley Dec., ¶ 9. The sole member of both PF2 PST Services

1  LLC and PF2 IP LLC is CHI. Beasley Dec., ¶ 10.

2        11.    Based on the foregoing, Change is a citizen of Delaware and Tennessee. Therefore, complete diversity exists between Plaintiff and Change.

      12.    As discussed above, for diversity purposes, a person is a "citizen" of the state in which the individual is domiciled. 28 U.S.C. § 1332(a)(1). According to Change's records kept in the usual course of business, Defendant Debi Waller is an employee of Change Healthcare Solutions, LLC, an affiliated entity that also is an indirect subsidiary of Change Healthcare Inc. Beasley Dec., ¶ 11. Ms. Waller works remotely from Tennessee. Beasley Decl., ¶ 11. CHT's records show at the time this action was filed, Defendant Waller was, and is currently, a resident of Tennessee. *See* Beasley Dec., ¶ 11. Accordingly, Defendant Waller is domiciled in and is a citizen of the State of Tennessee. 28 U.S.C. § 1332(a)(1); *see also Kramer v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that a person's domicile is the place they reside with the intention to remain); *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).

      13.    The consent of Defendant Waller to this removal is not required because, to the best of Change's knowledge, Waller has not yet been served. *See Aqua Connect, Inc. v. Code Rebel LLC*, No. CV 11-5764 RSWL, 2011 WL 5075421, at *4 (C.D. Cal. Oct. 25, 2011) (unserved defendant not required to consent to removal); *Cmty. Bldg. Co. v. Maryland Casualty Co.*, 8 F.2d 678 (9th Cir.1925) (recognizing exception to requirement that all defendants join or consent to removal where non-joining defendant has not been served in state court). Change's counsel has repeatedly checked the Orange County Superior Court docket in the state court action and found that no proof of service has been filed to date with respect to Defendant Waller. Fernandez Decl., ¶ 4; *Lopez v. BNSF Ry. Co.*, 614 F.Supp.2d 1084, 1087 (E.D.Cal.2007) (checking the state court docket is reasonable due diligence for purposes of a notice of removal to establish that a co-defendant has not been served).

      14.    The Complaint also names as Defendants DOES 1 through 100 ("DOE

Defendants"). Exhibit A, Compl. ¶ 7. The hundred "Doe" Defendants named in the Complaint are not considered in assessing diversity. *See, e.g., Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) ("28 U.S.C. § 1441(a) explicitly provides that the citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal. As such, the district court was correct in only considering the domicile of the named defendants."). Accordingly, the citizenship of the alleged DOE Defendants does not impact the diversity analysis for removal.

15. Accordingly, complete diversity of citizenship exists as required for this Court to exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

## The Amount in Controversy Requirement is Satisfied

16. Diversity jurisdiction exists where the parties are diverse of citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

17. Where, as here, a complaint does not state the amount in controversy, removal is proper if the court finds by a preponderance of evidence that the amount in controversy exceeds the jurisdictional threshold of $75,000. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). For purposes of determining the amount in controversy, a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "The amount in controversy may include damages (compensatory, punitive, or otherwise) . . . as well as attorneys' fees awarded under fee shifting statutes." *Id.* (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016)). "In assessing the amount in controversy, [the Court] may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." *Chavez*, 888 F.3d at 416. Moreover, the amount in controversy can be determined from the Complaint or from other sources, including statements made in the notice of removal.

*See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839-40 & n.2 (9th Cir. 2002) (considering settlement demand letter for purposes of determining amount in controversy); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (examining complaint and notice of removal for citizenship determination)..

18. In Plaintiff's Complaint, he alleges that Change's termination of his employment as a Revenue Cycle Management Advisor has caused him to suffer significant damages. Plaintiff alleges that he was hired by Change on May 10, 2021, and earned a yearly salary of $98,325. (Complaint, Ex. A, ¶ 15)  Plaintiff seeks a variety of economic damages for alleged "substantial losses in earnings and other benefits," including "lost wages, earnings, commissions, and other employee benefits …" (Complaint, Ex. A, ¶¶ 59, 71, 83, 97, 110, 119, 131, 144, Prayer for Relief) Plaintiff also seeks damages for alleged "psychological" injuries which he claims have caused him "great mental pain and suffering . . . ." (Complaint, Ex. A, ¶¶ 60, 72, 84, 98, 111, 120, 132, 145) In addition, Plaintiff seeks recovery of punitive damages for eight causes of action in his Complaint. (Complaint, Ex. A, ¶¶ 62, 74, 86, 100, 113, 122, 134, 147, 153, Prayer for Relief) Lastly, Plaintiff seeks attorneys' fees and costs, "penalties," and pre-judgment and post-judgment interest. (Complaint, Ex. A, Prayer for Relief).

19. Based on a conservative, good faith estimate of the value of the claims asserted in this action, Plaintiff seeks recovery well in excess of $75,000. Plaintiff's employment with Change ended on or around April 1, 2022. (*See* Complaint, Ex. A, ¶ 48). Between the date of Plaintiff's resignation and the date of this Notice of Removal, approximately 29 weeks have passed. Accordingly, Plaintiff's backpay claim is $54,835 (calculated as $1,890 weekly salary over 29 weeks), as of the date of this Notice of Removal, and not accounting for anticipated pay increases. However, it is likely that Plaintiff will seek lost wages from the date of his separation through trial.

It is also likely that trial will not be set for at least a year after the filing of this Notice of Removal (that is, approximately 81 weeks after Plaintiff's employment ended)—at which point, Plaintiff's amount in back pay claim will be approximately $153,090 (calculated as $1,890 weekly salary over 81 weeks). Thus, Plaintiff's claim for backpay/lost wages alone satisfies the amount in controversy requirement. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (plaintiffs lost wages are included in amount in controversy); *Browand v. Ericsson Inc.*, No. 18-CV-02380-EMC, 2018 WL 3646445, at *5 (N.D. Cal. Aug. 1, 2018) (defendants' calculation that plaintiff would be owed more than $75,000 in backpay if she was wrongfully terminated sufficient to establish amount in controversy); *Tukay v. United Cont'l Holdings, Inc.*, No. 14-CV-04343-JST, 2014 WL 7275310, at *2 (N.D. Cal. Dec. 22, 2014).

20.  In addition to backpay, a plaintiff who successfully alleges wrongful termination or discriminatory discharge generally seeks an award of front pay. *See, e.g., Cassino v. Reichhold Chemicals, Inc.,* 817 F.2d 1338, 1346 (9th Cir. 1997) (stating that a court has discretion to award front pay); *James v. Childtime Childcare, Inc.*, No. CIV.S-06-2676 DFL DA, 2007 WL 1589543, at *2 n. 1 (E.D. Cal. June 1, 2007) (while courts evaluate the amount in controversy at the time of removal, future lost wages are properly considered in that calculation).  Conservatively, assuming that Plaintiff seeks to recover just twelve months of front pay, his claim for front pay puts an additional $98,325 in controversy.

21.  Plaintiffs who seek recovery for emotional distress damages in employment litigation frequently have been awarded emotional distress damages in excess of $75,000. *See Landis v. Pinkertons, Inc.*, 122 Cal. App. 4th 985, 988 (2004) ($275,000 emotional distress damages); *see also Chambers v. Penske Truck Leasing Corp.*, No. 1:11-cv-0038, 2011 WL 1459155, *3 (E.D. Cal. April 15, 2011) ("A Court may consider that emotional distress damages 'are potentially substantial.'"). Although Defendant denies that Plaintiff is entitled to any recovery, by reference to

similar litigation proceedings under the same statutory authority, the value of Plaintiff's asserted emotional distress claims alone substantially exceeds the jurisdictional minimum.

22. As mentioned above, Plaintiff also seeks recovery of punitive damages for eight causes of action in his Complaint. (Complaint, Ex. A, ¶¶ 62, 74, 86, 100, 113, 122, 134, 147, 153, Prayer for Relief). Requests for punitive damages must be taken into account in ascertaining the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *see also Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) ("in an amount in controversy inquiry for diversity purposes, punitive damages, where authorized, are counted toward the requirement"). For amount in controversy purposes, the court must conclude that Plaintiff will prevail on his claim for punitive damages. *See Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995) (amount in controversy includes potential recovery of punitive damages award). Thus, assuming even a modest punitive damages award equal to compensatory damages, a potential punitive damages award is more than sufficient to establish the $75,000 amount in controversy requirement.

23. Plaintiff further seeks recovery of attorneys' fees and costs. (Complaint, Prayer for Relief). Requests for attorneys' fees must be taken into account in ascertaining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in the amount in controversy, regardless of whether award is discretionary or mandatory). The measure of attorneys' fees for determining the amount in controversy "should be the amount that can reasonably be anticipated at the time of removal, not merely those [fees] already incurred." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002). Here, Defendant anticipates that the parties will propound written discovery and that depositions will be taken; and that ultimately Defendant will file a Motion for Summary Judgment/Adjudication. Preparing for and responding to these

actions is likely to trigger significant attorneys' fees. Indeed, attorneys' fee awards in single-plaintiff wrongful termination actions frequently exceed $75,000. *See, e.g., Jalomo v. HRO Sys., Inc.*, 23 Trials Digest 3d 65, 1999 WL 1069181 (Cal. Super. July 15, 1999) (verdicts and settlements) (award of $160,050 in attorneys' fees in single-plaintiff discrimination and wrongful termination case); *Crawford v. DIRECTV Inc.*, 2010 WL 5383296 (Cal. Super. Sept. 29, 2010) (verdicts and settlements) (award of $159,762.50 for attorneys' fees in single-plaintiff discrimination and wrongful termination case). Therefore, although the availability of attorneys' fees will likely be an issue in dispute, if Plaintiff prevails on his claims, he will claim that he is entitled to an award of attorneys' fees that itself would "more likely than not" exceed $75,000. Taken as a whole, the amount demanded by Plaintiff in his Complaint is clearly in excess of the minimum amount required for diversity jurisdiction.

## II.   THIS NOTICE OF REMOVAL IS TIMELY

1. A defendant may file a Notice of Removal within "30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1445(b)(1).

2. This Notice of Removal is being filed within thirty (30) days after Plaintiff's September 21, 2022 service on this Defendant of the initial pleading setting forth the claims for relief upon which Plaintiff's action is based. Therefore, this Notice is timely filed under 28 U.S.C. § 1446(b).

## III.   OTHER REQUIREMENTS FOR REMOVAL ARE MET

1. This action was originally filed in the Superior Court of the State of California, County of Orange, which is located within the Central District of California. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 84(a) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

2. As mentioned above, a true and correct copy of Plaintiff's Summons and

Complaint is attached hereto as **Exhibit A** and a true and correct copy of Change's Answer is attached hereto as **Exhibit B**. Pursuant to 28 U.S.C. § 1446(a), and to the best of Defendant's knowledge, **Exhibit C** constitutes true and correct copies of all other process, pleadings, and orders served in this action at the time of this removal.

3. Counsel for Defendant certifies that it will promptly file a copy of this Notice of Removal and all supporting papers with the Clerk of the Superior Court of the State of California, County of Orange, and give notice of same to counsel for Plaintiff.

## IV. PRAYER FOR REMOVAL

1. WHEREFORE, Change prays for removal of the above-entitled action from the Superior Court of the State of California, County of Orange, to this Court. Change respectfully requests that this Court exercise its removal jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because this civil action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the Court on the basis for this removal.

DATED: October 21, 2022                OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ *Lisa C. Hamasaki*
LISA C. HAMASAKI
ALLISON J. FERNANDEZ

Attorneys for Defendants
CHANGE HEALTHCARE TECHNOLOGIES, LLC

53291418.v1-OGLETREE